United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 27, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-30271

_____

SYCAMORE MANAGEMENT, LTD.,

Plaintiff-Appellee,

v.

UNIDENTIFIED PARTIES

Defendants,

INTERNATIONAL MARINE TERMINALS PARTNERSHIP,

Defendant-Appellant.

---

Appeal from the United States District Court
for the Eastern District of Louisiana
(USDC No. 2:04-cv-00162-KDE)

---

Before DeMOSS, BENAVIDES AND PRADO, Circuit Judges.

EDWARD C. PRADO, Circuit Judge:[*]

Appellee Sycamore Management, Ltd. ("Sycamore") sued

appellant International Marine Terminals Partnership ("IMT") for

damages resulting from the collision of Sycamore's ship, the M/V

GLOBAL SPIRIT I (the "ship"), into several barges in the

Mississippi River.  After conducting a bench trial, the district

---

[*] Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIRCUIT
RULE 47.5.4.

court ruled for Sycamore.  For the reasons below, we AFFIRM.

I.

On October 23, 2003, between 2:00 and 2:30 a.m., the ship, a 16,000-ton ocean-going vessel, was proceeding up the Mississippi near Myrtle Grove, Louisiana.  Around 2:00 a.m., a chain securing several barges at IMT's bulk cargo storage and transfer terminal ("the terminal") parted, allowing eight barges from the terminal ("the barges") to drift out into the river.  The ship's pilot reported colliding into some unidentified barges, resulting in the damage at issue here.  This damage was consistent with collision with a barge.  There is no affirmative evidence that any barges other than those unmoored from the terminal were on the river in the vicinity of the ship.

Later, marine surveyors for Sycamore and IMT inspected the barges.  Before Sycamore's had a chance to inspect, however, the owner of three of the barges moved them to Kentucky.  Sycamore's surveyor examined the five remaining breakaway barges on October 25, 2003, along with three barges IMT presented that were not part of the breakaway.  On November 4, the expert examined the three breakaway barges that had been moved to Kentucky.  Based on the lack of apparent damage to the barges, he concluded there was a "very remote possibility" one of the eight caused the damage to the ship.  Sycamore and IMT's marine surveyors disagreed as to whether the barges could have caused the damage.

Sycamore sued for damages, and prevailed in a bench trial

before the district court.  Issuing its ruling orally, the court made a number of factual and legal findings.  Critically for present purposes, it said the following:

> The Court is thus confronted with two unlikely scenarios: (1) whether the GLOBAL SPIRIT I collided with an unknown phantom object in the river instead of the drifting IMT barges, as IMT contends; or (2) the existence of a collision between IMT's barges and the vessel wherein no or very little apparent recent damage occurred to any of IMT's barges.  The Court finds that although both scenarios are seemingly unlikely, as a matter of practicality, the latter is less unlikely than the former, and thus probably occurred.

Arguing this remark demonstrates the application of an incorrect legal standard to an admiralty tort, IMT appeals.

## II.

Our review of admiralty actions tried without a jury is for clear error as to factual findings and *de novo* as to questions of law.  Avondale Indus. v. Int'l Marine Carriers, 15 F.3d 489, 492 (5th Cir. 1994).

IMT argues that the district court applied the incorrect legal standard, specifically substituting a "less unlikely" standard for a more likely than not (i.e., preponderance) one. In admiralty law, as a general matter, the plaintiff bears the burden of proving the defendant's negligence by a preponderance of the evidence.  Gavagan v. United States, 955 F.2d 1016, 1021 (5th Cir. 1992) (affirming district court's judgment that leaving valve taped from inside did not create foreseeable risk of injury to those attempting to open valve).  IMT claims that the district

3

court's remark–"The Court finds that although both scenarios are seemingly unlikely, as a matter of practicality, the latter is less unlikely than the former, and thus probably occurred"–demonstrates the application of a standard less than preponderance, specifically a "less unlikely" one. We disagree.

The district court applied the correct standard of proof, preponderance. First, in at least two places, its order invokes the standard directly.[1]

Second, the quotation on which IMT relies is not inconsistent with the application of a preponderance standard. The district court was in the process of responding to IMT's argument that it could not be held liable because its barges were not damaged. Recognizing the validity of IMT's premise that a maritime accident with a 16,000-ton ship is unlikely not to cause visible damage to a barge, it rejected the argument based on the proximity of the barges to the ship, the absence of evidence of other barges and the fact that Sycamore's inspection was limited by removal of three breakaway barges and replacement of them with three ones that were not involved. The court recognized it was

_____

[1] It said "[t]his evidence clearly places the IMT barges and the GLOBAL SPIRIT I at the same place and time that Captain Short reported the collision. It is *more likely than not* that one of IMT's fleet of drifting barges struck the ship" (emphasis added). Later, the court reasoned that, "[b]ecause IMT produced no evidence of any barge other than a rake-end barge that could have caused the damage, the circumstantial evidence makes it *more likely than not* that one of IMT's rake barges that was drifting in the river scraped the ship when it passed"(emphasis added).

4

unlikely as a general matter that such a collision would not cause visible damage, but concluded that the likelihood in this particular case was that the ship collided with the IMT terminal barges. This reading is consistent with its comment that "although both scenarios are seemingly unlikely, as a matter of practicality, the latter is less unlikely than the former, and thus probably occurred." IMT confuses a comment about the general with a finding as to the particular.

Because the district court applied the proper legal standard, its judgment is AFFIRMED.